UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | : | Case No. 09-62491 |
| | : | |
| Charles Leroy Lacy | : | Chapter 7 |
| SSN: xxx-xx-4551, | : | Judge John E. Hoffman, Jr. |
| | : | |
| Debtor. | : | |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

| | | |
|---|---|---|
| | : | |
| Larry J. McClatchey, Trustee | : | |
| 65 East State Street, Suite 1800 | : | |
| Columbus, Ohio 43215, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Ad. Pro. No:_____ |
| | : | |
| GMAC Mortgage LLC | : | |
| c/o Csc-Lawyers Incorporating Service | : | |
| (Corporation Service Company), | : | |
| Statutory Agent | : | |
| 50 West Broad Street, Suite 1800 | : | **COMPLAINT BY TRUSTEE TO AVOID** |
| Columbus, Ohio 43215, | : | **MORTGAGE AND PRESERVE LIEN** |
| | : | **FOR THE BENEFIT OF THE ESTATE** |
| and | : | |
| | : | |
| | : | |
| National City Bank | : | |
| c/o National City Bank, Statutory Agent | : | |
| 1900 East Ninth Street | : | |
| Cleveland, Ohio 44114, | : | |
| | : | |
| and | : | |
| | : | |
| GMAC Mortgage Corporation | : | |
| 7 Carnegie Place | : | |
| Cherry Hill NJ 08003 | : | |
| | : | |
| and | : | |
| | : | |
| Charles Leroy Lacy | : | |
| 2303 Shrewsbury Road | : | |
| Columbus, Ohio 43221, | : | |

|  |  |
|---|---|
| and | : |
|  | : |
| Gina Marie Iacuzzo | : |
| nka Gina Marie Lacy | : |
| 1108 Willard Avenue | : |
| Grandview Heights, OH 43212 | : |
|  | : |
| Defendants. | : |

1. This case was commenced by voluntary petition seeking relief under chapter 7 of the Bankruptcy Code filed by Charles Leroy Lacy ("Debtor") on October 27, 2009 (the "Petition Date").

2. The court has jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §§157 and 1334, and the general order of reference for this district. The within matter is a core proceeding as provided under 28 U.S.C. §§157(b)(2), (B), (F), (K) and (N).

3. Larry J. McClatchey ("Trustee"), is the duly authorized and acting chapter 7 trustee for the above-styled bankruptcy case.

4. Defendant Charles Leroy Lacy is the Debtor in this case.

5. Defendant Gina Marie Iacuzzo, now known as Gina Marie Lacy is the Debtor's former spouse.

6. Defendant GMAC Mortgage, LLC ("GMAC") is a Delaware limited liabilty company that may be served with process at the address stated in the caption. GMAC conducted business in Ohio as hereinafter alleged at times relevant to this case.

7. Defendant National City Bank ("NCB") is a bank that may be served with process at the address stated in the caption. NCB has done business in Ohio at times relevant to this case.

8. Defendant GMAC Mortgage Corporation ("GMAC Mortgage") is a Pennsylvania corporation that may be served with process at the address stated in the caption. GMAC Mortgage conducted business in Ohio as hereinafter alleged at times relevant to this case.

## Loan Transaction

9. On or about June 26, 2005, Debtor purportedly executed and delivered to Gina Marie Iacuzzo ("Iacuzzo") his Special Power of Attorney ("POA") in which he granted to Iacuzzo the right to sign, execute and acknowledge any and all documents necessary to purchase certain real estate described therein.

10. On or about June 29, 2005, Iacuzzo entered into a transaction with Equitable Mortgage Corporation ("Equitable") pursuant to which Debtor purportedly became indebted to Equitable on account of a loan in the original principal amount of $162,000.00 ("the Indebtedness").

11. On June 29, 2005, in order to secure the Indebtedness, Iacuzzo, purportedly acting on behalf of Debtor under the POA, executed a Mortgage that purported to convey to Equitable convey the following real property or an interest therein ("Property"):

Situated in the County of Franklin, in the State of Ohio and in the city of Upper Arlington:

Being Lot No. Two (2) in Block No. 28 in the Arlington Ridge Realty Company's River Ridge Subdivision as the same is numbered and delineated upon the recorded plat thereof, of Record in Plat Book 19, Pages 2, 3, and 4, Recorder's Office, Franklin County, Ohio.

Parcel No: 070-006767-00.

Known as 2303 Shrewsbury Road, Columbus, Ohio 43221

12. On June 29, 2005, John D. Wackenhuth, Karen Wackenhuth and Donald W. Wackenhuth executed and delivered to Debtor or Iacuzzo a General Warranty Deed ("Deed") conveying the Property to Debtor.

13. The POA was filed for record with the Franklin County Recorder on July 19, 2005 as instrument 200507190142467. A copy of the POA is attached as Exhibit A.

14. The Deed was filed for record with the Franklin County Recorder on July 19, 2005 as instrument 200507190142488.

15. The Mortgage was filed for record with the Franklin County Recorder on July 19, 2005 as instrument 200507190142492. A copy of the Mortgage is attached as Exhibit B.

16. On or about July 31, 2006, Debtor and Iacuzzzo, then known as Gina M. Lacy aka Gina Marie Lacy, entered into a transaction with NCB pursuant to which Debtor became indebted to NCB on account of a loan in the original principal amount of $20,000.00. In order to secure this indebtedness, Debtor and Iacuzzo executed and delivered to NCB an Open End Real Estate Mortgage ("the Second Mortgage") that purported to convey the Property or an interest therein to NCB. The Second Mortgage was filed for record with the Recorder of Franklin County, Ohio on September 8, 2006 as Instrument No. 200609080179554.

17. On or about August 13, 2006, Debtor entered into a transaction with GMAC Mortgage Corp. ("GMAC Mortgage") pursuant to which Debtor became indebted to GMAC Mortgage on account of a loan in the original principal amount of $20,000.00. In order to secure this indebtedness, Debtor and Iacuzzo executed and delivered to GMAC Mortgage a Mortgage ("the Third Mortgage") that purported to convey the Property or an interest therein to GMAC Mortgage. The Third Mortgage was filed for record with the Recorder of Franklin County, Ohio on September 27, 2006 as Instrument No. 200609270192989.

18. On August 26, 2009, Equitable assigned the Mortgage to GMAC. The assignment was filed for record on September 9, 2009 and recorded as Instrument No. 200909090131345.

## FIRST CLAIM
### (Sale Free of Encumbrance--§544)

19. The allegations of the preceding paragraphs are incorporated by reference.

20. The Mortgage was not executed in accordance with the requirements of Ohio law because the notary acknowledgement language is not in substantial compliance with the requirements of Ohio Revised Code §5301.01(A). Specifically, contrary to the certification by the notary, Debtor did not acknowledge his execution of the Mortgage. In addition, the notary did not certify that Iacuzzo, acting in accordance with the POA or otherwise, appeared and acknowledged her execution of the Mortgage.

21. Although the Mortgage was filed for record, because it was improperly executed it is invalid to convey any legal interest in the Property to GMAC and it is treated under Ohio law as if it had never been filed.

22. Under Ohio law, a judgment lien creditor and/or a *bona fide* purchaser of the Debtor's interest in the Property who had properly perfected such transfer as of the Petition Date would cut off the rights of any other person claiming an interest in the Property under or through the Mortgage.

23. As a matter of law, the Trustee is vested as of the Petition Date with the rights of a judicial lien creditor and a *bona fide* purchaser of real property from Debtor as of the Petition Date under the provisions of 11 U.S.C. §§544(a)(1) and (3). Trustee therefore acquired, by

operation of law, all of the interest of Debtor in the Property in fee simple as of the Petition Date, superior to the rights of GMAC.

24. The Trustee is entitled to judgment determining that the fee simple interest of Debtor in the Property became an asset of the bankruptcy estate on the Petition Date, and that Trustee is authorized to sell his interest in the Property, free of any interest of any of the Defendants.  Since GMAC did not obtain an interest in the Property by virtue of the Mortgage, it is not necessary for Trustee to avoid the purported transfer to GMAC.

## SECOND CLAIM
### (Avoidance of Mortgage §544)

25. The allegations of the preceding paragraphs are incorporated by reference.

26. Alternatively, in addition to having the rights of a judicial lien creditor and/or a *bona fide* purchaser of the interest of Debtor in the Property from him as of the Petition Date, the Trustee had, as of the Petition Date, the alternative right to **avoid** any transfer of property of the Debtor that was voidable by a judicial lien creditor or a *bona fide* purchaser of the Property from Debtor that obtained the status of a judicial lien creditor and/or a *bona fide* purchaser and perfected such transfer on the Petition Date, whether or not such creditor or purchaser exists.

27. The Mortgage is fraudulent and avoidable under Ohio law by Trustee as a judicial lien creditor and/or a subsequent *bona fide* purchaser from Debtor who perfected the transfer as of the Petition Date because the notary acknowledgement language is not in substantial compliance with the requirements of Ohio Revised Code §5301.01(A) because it was not acknowledged properly.

28. The Trustee is entitled to judgment avoiding the purported transfer to GMAC under the provisions of 11 U. S. C. §544 (a)(1) or (3) and Ohio law.

## THIRD CLAIM
### (Avoidance of Preference Under §547-Mortgage)

29. The allegations of the preceding paragraphs are incorporated by reference

30. The alleged transfer of the Property from Debtor to GMAC's predecessor in title was not perfected within 30 days after Closing and is therefore deemed to have been completed immediately before the Petition Date in accordance with 11 U. S. C. §547(e)(2)(C) ("Transfer").

31. The Transfer was a transfer of an interest of the Debtor in the Property and was made to GMAC's predecessor in title, a creditor of the Debtor.

32. The Transfer was made for or on account of the loan made by GMAC's predecessor in title to Debtor.

33. The Transfer was made while the Debtor was insolvent and within 90 days before the Petition Date.

34. The Transfer enabled GMAC's predecessor in title to receive more than it would have received if the Transfer had not been made and it had received payment of such debt to the extent provided in Title 11 in this case.

35. Trustee is entitled to judgment avoiding the Transfer under the provisions of 11 U. S. C §547(b).

## FOURTH CLAIM
### (Determination of Claim as Unsecured Claim)

36. The allegations of the preceding paragraphs are incorporated by reference.

37. Any claim of GMAC against Debtor based on the claim secured by the Mortgage is allowable as a secured claim in this case only to the extent of the interest of GMAC in the Property.

38. Any interest of GMAC in the Property is void or voidable as set forth herein.

39. Trustee is entitled to judgment under the provision of 11 U.S.C. §506(d) determining that any claim of GMAC based on the claim secured by the Mortgage is allowable only as a pre-petition general unsecured claim.

## FIFTH CLAIM
### (Preservation of Avoided Lien)

40. The allegations of the preceding paragraphs are incorporated by reference.

41. Debtor has or may claim some interest in the Property on account of a homestead exemption or otherwise.

42. Defendants NCB and GMAC Mortgage have or may claim some interest in the Property by virtue of the Second and Third Mortgages, respectively.

43. Defendant Iacuzzo has or may claim some interest in the Property as the former spouse of the Debtor.

44. Upon avoidance of the Mortgage, the lien thereof is preserved for the benefit of the estate pursuant to 11 U. S. S. §551.

45. Any interest of Debtor or Defendants NCB, Iacuzzo and GMAC Mortgage in the Property is subordinate to the lien of the Mortgage that is preserved for the benefit of the estate and said interests are inferior to the interest of Trustee, except to the extent that the value of the Property exceeds the avoided Mortgage debt.

## SIXTH CLAIM
### (Sale of Property--§363)

46. The allegations of the preceding paragraphs are incorporated by reference.

47. Trustee disputes the interest of GMAC, Debtor, NCB and GMAC Mortgage in the Property for the reasons set forth above. In addition, said Defendants can be required under applicable law to accept a money satisfaction of their respective claims.

48. Trustee is entitled to judgment authorizing him to sell the Property under §363(f), free and clear of any interest of GMAC, Debtor, NCB and GMAC Mortgage because the interest of each of said Defendants in the Property is in bona fide dispute.

49. Trustee is entitled to judgment authorizing him to sell the Property under §363(g), free and clear of any interest of Iacuzzo in the Property because her interest, if any, is a dower interest only.

WHEREFORE, the Trustee demands judgment against Defendants as follows:

A. A judgment declaring that the Mortgage was and is void and invalid as a matter of law; and/or alternatively, for judgment avoiding the transfer of the interest of Debtor in the Property to GMAC; and

B. Preserving the avoided Mortgage for the benefit of the Estate;

C. Requiring Debtor and Defendants Iacuzzo, NCB and GMAC Mortgage to appear and set forth any claimed interest in the Property or be forever barred from doing so;

D. Authorizing Trustee to sell the Property free of any interest of Defendants but subject to any other unavoidable liens or interests; and

E. For all other and further relief to which the Trustee may be entitled.

    /s/ Larry J. McClatchey
Larry J. McClatchey   (0012191)
KEGLER, BROWN, HILL & RITTER CO., LPA
65 East State Street, Suite 1800
Columbus, Ohio 43215
614/462-5400
Facsimile:  614/464-2634
lmcclatchey@keglerbrown.com
Attorney for Trustee